IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLAUDE FANELLI, M.D.,** | **CIVIL NO.1:06-CV-0141** |
| **Plaintiff,** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **CONTINENTAL CASUALTY COMPANY,** | |
| **Defendant.** | |

# M E M O R A N D U M

This case arises over a dispute in the long term disability benefits available to Plaintiff under an insurance policy issued by Defendant (hereinafter "the Plan"). On September 13, 2006, the court granted in part and denied in part Defendant's summary judgment motion, finding that Defendant overpaid Plaintiff under the Plan and was entitled to recoupment for overages. The court denied the Defendant's motion with respect to the issue of whether Defendant's calculations regarding overpayment were arbitrary and capricious because a genuine issue of material fact existed as to the appropriate amount of overpayment. Plaintiff now seeks reconsideration of the court's finding regarding when the Plan's Return to Work provision went into effect. Because Plaintiff has not presented an intervening change in the law, new evidence, or a valid argument that the court erred, Plaintiff's motion for reconsideration will be denied.

**I.        Background**

A detailed statement of facts is included in the court's September 13, 2006 order (Doc. 45). The facts relevant to the instant inquiry are as follows.

Plaintiff began receiving disability benefits from Defendant in December 2000. (*Id.* at 2.) On March 11, 2005, Defendant notified Plaintiff that it had overpaid his benefits since January 1, 2002 and would be withholding future payments in order to recover the amount of the overpayment. (Doc. 27, pt. I, at HLI-00233-00241.) Plaintiff appealed Defendant's decision per the Plan procedures. (*Id.* at HLI-00216-00218.) On September 1, 2005, in its appeal determination letter, Defendant informed Plaintiff that it had conducted an independent review of Plaintiff's claim and determined that its original calculation of overpayment was correct. (*Id.* at HLI-00191.) In Defendant's letter, it stated that "for the first 12 months of benefits, [Plaintiff] was entitled under the terms of the policy the full monthly benefit for 1/1/02 through 12/31/02."

The court's September 13, 2006 order determined that Plaintiff was entitled to full benefits for the first twelve months under the Return to Work provision, and, at the conclusion of that twelve month period, the Rehabilitation Benefit provision governed. (Doc. 45 at 12-13.) In addition, the court found that under the Plan the "Plaintiff was not entitled to receive the full $10,000 per month benefit beyond the initial twelve-month period covered by the Return to Work provision, unless he satisfied the criteria for such a payment under other Plan provisions that applied after that time period." (*Id.* at 13.) Plaintiff asks this court to reconsider its statement that after the first twelve months, the Rehabilitation Period governed and hold that the Plan, as confirmed by Defendant's September 1,

2005 letter, defined the period in which Plaintiff was entitled to full benefits as January 1, 2002 through December 31, 2002. (Doc. 50.)

## II.        Legal Standard: Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[1] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations

---

[1] Plaintiff does not specify the Federal Rule of Civil Procedure his motion for reconsideration was brought under. When a Plaintiff files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

omitted).  Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment.  *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541.  Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III.  Discussion

Plaintiff's motion does not meet the reconsideration standard because Plaintiff does not suggest that an intervening change in the law exists or that new evidence is available that was not available during summary judgment.  In addition, Plaintiff does not present the court with an error of law or fact that would cause Plaintiff an injustice.  Plaintiff's motion rests on one line from the court's summary judgment memorandum.  (Doc. 53.)  Specifically, Plaintiff states that his motion is based upon the court's statement that "at the conclusion of the initial twelve-month period, the Rehabilitation Benefit provision governs."  (Doc. 53.)  Plaintiff asks this court to recognize that he was entitled to full monthly benefits from January 2, 2002 through December 31, 2002, based upon Plan language and Defendant's appeal determination letter sent to Plaintiff on September 1, 2005.  (Doc. 53.)   Defendant disputes that unambiguous Plan language provides such benefits and argues that Plaintiff is essentially rearguing the same issues argued in the summary judgment motion – that a letter sent by Defendant to Plaintiff amended the plan – which is not a permissible basis for reconsideration.  (Doc. 55.)  Because Plaintiff fails to meet the standard, his motion will be denied.

Plaintiff's motion centers around the third part of the reconsideration standard, which permits relief when the court needs to correct a clear error of law or fact or to prevent manifest injustice. Because the parties characterize Plaintiff's basis for seeking reconsideration differently – as an error in interpreting the Plan language versus a duplicative argument that Defendant amended the Plan via letter – the court will address each characterization in turn.

Plaintiff's argument that the Plan language and the September 1, 2005 appeal determination letter provide that the Return to Work provision only applies once an individual fails to otherwise qualify for the full benefit under the rehabilitation provisions, *i.e.,* when an individual's income is greater than 20% but less than 80% of his pre-disability income, is incorrect. Both parties agree, and the court acknowledges, that the Plan is unambiguous. (Doc. 45 at 13.) The Plan language clearly establishes that the Return to Work provision applies to, and is limited to, the first twelve months of coverage for the disability (not that the time when the provision begins to be applied is deferred for any reason, such as when a full benefit might be justified under the rehabilitation formula). (*Id.* at 12.) Plaintiff was not entitled to receive full benefits beyond the first twelve-month period, which was covered by the Return to Work provision, unless he satisfied other criteria that qualified him for the full benefit. (*Id.* at 12-13.) Therefore, notwithstanding the fact the Plaintiff had the opportunity to raise this argument previously, *see McDowell Oil Serv. Inc.*, 817 F. Supp. at 541, the argument fails.

To the extent that Plantiff's position is construed as an attempt to establish that Defendant amended the Plan and provided for full benefits from January 1, 2002 through December 31, 2002, based upon the September 1, 2005

appeal determination letter, and that the court erred by finding otherwise, such an argument is unfounded.  The court has already determined that a letter from the Defendant to the Plaintiff cannot amend the Plaintiff's benefit plan, unless the amendment complies with the Third Circuit's requirements.  (Doc. 45 at 14-16.)  In his summary judgment opposition brief, Plaintiff argued that he had relied on a January 2001 letter to amend his benefits.  (Doc. 31.)  However, the court found Plaintiff's arguments unavailing because the clear language of the plan determined Plaintiff's benefits and the letter did not meet the Third Circuit's standard for amending an ERISA plan.  (*Id.*) (citing *Depenbrock v. Cigna Corp.*, 389 F.3d 78, 81-83 (3d Cir. 2004)); *Haberern v. Knaupp Vascular Surgeons Ltd. Defined Benefit Pension Program*, 24 F.3d 1491, 1501 n.6 (3d Cir. 1994); *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1164 (3d Cir. 1990).

        Thus, if there is an amendment argument here, based upon Defendant's September 1, 2005 appeal determination letter, it is nearly identical to the issue disposed of in the court's September 13, 2006 summary judgment memorandum.  Admittedly, the September 1, 2005 appeal determination letter incorrectly defines the full benefit period.  Although this error is evidence of Defendant's carelessness, it fails to satisfy the formal requirements for ERISA plan amendments.  Thus, Plaintiff fails to establish an error of law or fact and, pursuant to the motion for reconsideration standard, Plaintiff will not be permitted to relitigate issues already argued and disposed of at the summary judgment stage of the proceedings.

**IV.     Conclusion**

In accordance with the foregoing discussion, the court will deny Plaintiff's motion for reconsideration. An appropriate order will issue.

 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: November 21, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLAUDE FANELLI, M.D.,** | **CIVIL NO. 1:06-CV-0141** |
| **Plaintiff,** | |
| v. | **JUDGE SYLVIA H. RAMBO** |
| **CONTINENTAL CASUALTY COMPANY,** | |
| **Defendant.** | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for reconsideration is **DENIED**.

2) The Clerk of Court shall enter **JUDGMENT** in favor of Defendant and against Plaintiff.[2]

3) The Clerk of Court shall close the file.

      s/Sylvia H. Rambo
      SYLVIA H. RAMBO
      United States District Judge

Dated: November 21, 2006.

---

[2] Subsequent to the court's September 13, 2006 summary judgment order, the parties stipulated to the annual amounts of Defendant's overpayment of Plaintiff's benefits. Accordingly, no issues remain for trial, and, in light of the court's decision here, judgment for Defendant is proper.